## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE DISTRICT OF SOUTH CAROLINA
## AIKEN DIVISION

DAWN PETTIT PAYNE, )
)
                    Plaintiff, )         C/A No. 1:16-CV-3222-TMC
)
      v. )          **ORDER**
)
NANCY A. BERRYHILL, )
Acting Commissioner )
Of Social Security, )
)
             Defendant. )

On October 3, 2017, Plaintiff Dawn Pettit Payne filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, on the basis that she was the prevailing party and that the position taken by the Commissioner, in this action was not substantially justified. (ECF No. 26). On October 17, 2017, the Commissioner responded stating that she does not object to an award of attorney's fees of $4,136.56, and payment of expenses in the amount of $16.00 pursuant to the EAJA. (ECF No. 27).

Under the EAJA, a court shall award attorney's fees to a prevailing party[1] in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap. *Pierce v. Underwood*, 487 U.S. 552 (1988); *May v. Sullivan*, 936 F.2d 176, 177 (4th Cir. 1991). The district courts also have broad discretion to set the attorney fee amount. In determining the fee award, "[e]xorbitant, unfounded, or procedurally

---

[1] A party who wins a remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300–302 (1993). The remand in this case was made pursuant to sentence four.

defective fee applications . . . are matters that the district court can recognize and discount."

*Hyatt v. North Carolina Dep't of Human Res.*, 315 F.3d 239, 254 (4th Cir. 2002) (citing *Comm'r*

*v. Jean*, 496 U.S. 154, 163 (1990)). Additionally, the court should not only consider the "position

taken by the United States in the civil action," but also the "action or failure to act by the agency

upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99-80, §

2(c)(2)(B).

The Plaintiff has asked for the payment of attorney's fees in the amount of $4,136.56, and

$16.00 for expenses. (ECF No. 17). The Commissioner does not object to the payment or amount

of these fees and expenses. (ECF No. 18). Despite there being no objection, the court is obligated

under the EAJA to determine if the fee is proper. *See Design & Prod., Inc. v. United States*, 21

Cl. Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to

independently assess the appropriateness and measure of attorney's fees to be awarded in a

particular case, whether or not an amount is offered as representing the agreement of the parties

in the form of a proposed stipulation."). Applying the above standard to the facts of this case, the

court concludes that the Commissioner's position was not substantially justified. Furthermore,

after a thorough review of the record, the court finds that the stipulated fee request is appropriate.

Accordingly, the court **GRANTS** the Motion for Attorney's Fees (ECF No. 26) and orders that

the Plaintiff be awarded the $4,136.56 in attorney's fees and $16.00 for expenses, for a total

award of $4,152.56.[2]

**IT IS SO ORDERED.**

/s/ Timothy M. Cain

---

[2] The court notes that the fees must be paid to Plaintiff. *See Astrue v. Ratliff*, 560 U.S. 586 (2010)
(holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant,
thus subjecting the EAJA fees to offset of any pre-existing federal debts); *see also Stephens v.
Astrue*, 565 F.3d 131, 139 (4th Cir. 2009) (holding the same).

United States District Judge

October 18, 2017
Anderson, South Carolina