# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| Dawn Pettit Payne, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:16-cv-3222-TMC |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Andrew M. Saul, Commissioner | ) | |
| of Social Security[1], | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff Dawn Pettit Payne's motion for attorney fees under 42 U.S.C. § 406(b), seeking attorney's fee in the total amount of $26,323.12, which Plaintiff contends represents 25% of the back benefits awarded to Plaintiff. (ECF No. 30). In her fee petition, Plaintiff indicated that $17,548.75 had been withheld for attorney's fees based on the award of $70,195.00 in past-due benefits for Plaintiff; however, Plaintiff recognized that past-due benefits had not yet been calculated for her beneficiaries. (ECF No. 30-1 at 1-2). Plaintiff estimated that $8,774.37 would be withheld for attorney's fees from the past-due benefits eventually awarded to her beneficiaries. *Id*. at 2.

The Commissioner filed an objection, moving that the court hold Plaintiff's fee petition in abeyance until the amount of past-due benefits could be computed for Plaintiff's beneficiaries. (ECF Nos. 31, 32). The Plaintiff did not oppose the abeyance motion. Accordingly, the court granted the Commissioner's motion and directed the parties to provide a status report within sixty

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), he is automatically substituted for Defendant Nancy A. Berryhill who was the Acting Commissioner of Social Security when this action was filed.

days. (ECF No. 33). On August 23, 2019, the Commissioner withdrew its objection to Plaintiff's petition for attorney's fees. (ECF No. 36). The Commissioner withheld a total of $6,000 from the award of past-due benefits to Plaintiff's beneficiaries rather than the $8,774.37 estimated by Plaintiff. (ECF 36-1 at 3, 9). Accordingly, the Commissioner requested that the court approve payment of attorney's fees in the amount of $23,548.75. (ECF No. 36 at 2). Plaintiff has not contested this amount.

Pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002), in reviewing a request for attorney's fees under § 406(b), a court must look first to the contingent fee agreement and assess its reasonableness. A reduction in the contingent fee may be appropriate when (1) the fee is out of line with the character of the representation and the results achieved; (2) counsel's delay caused past-due benefits to accumulate during the pendency of the case in court, or (3) past-due benefits are large in comparison to the amount of time counsel spent on the case. *Id.*

Based upon a review of the petition and these factors, the court finds that an award of $23,548.75 is reasonable. Pursuant to a contingency fee agreement, Plaintiff agreed to pay counsel twenty-five percent (25%) of any past-due benefits. (ECF No. 30-2 at 2). Plaintiff was awarded back benefits, and 25% of the award was withheld for attorney's fees, or $23,548.75. (ECF Nos. 30-4 at 3; 36-1 at 3, 9). In compliance with 42 U.S.C. § 406(b)(1)(A), counsel's requested fee does not exceed twenty-five percent (25%) of these past-due benefits. Furthermore, the requested attorney's fee is reasonable given that counsel expended 27.25 hours working on this matter at the court level. (ECF No. 30-3). *See Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) (noting that under § 406(b) the court makes fee awards only for work done before the court). Additionally, Plaintiff's counsel achieved a successful result without any unreasonable delay. In light of

counsel's specialized skill in social security disability cases, the attorney's fee award does not amount to a windfall. *Cf. Brown v. Barnhart*, 270 F.Supp.2d 769, 772–73 (W.D. Va. 2003).

Therefore, based on the foregoing, Plaintiff's motion for attorney's fees (ECF No. 30) is granted, and Plaintiff is awarded a total of $23,548.75 in attorney's fees.[2]

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

September 3, 2019
Anderson, South Carolina

---

[2] "Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee [,] . . . up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (internal quotation marks and citation omitted). Plaintiff was previously awarded $4,136.56 in attorney's fees under the EAJA. (ECF No. 29). Accordingly, Plaintiff's counsel is to refund to the Plaintiff the previously ordered EAJA fees of $4,136.56 immediately after he receives the payment of the § 406(b) fees.